POUGHKEEPSIE SAVINGS BANK v. EXTENSION DEVELOPMENT
CO. et al.

GLENS FALLS INS. CO. v. SAME.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

MORTGAGES (§ 496*)—ACTION TO FORECLOSE—VACATION OF JUDGMENT.

A defendant, joined in foreclosure proceedings on the ground that he had some interest in the property, was given no notice of an amendment alleging that he had some interest in a fund accruing from rents which defendant trustees had agreed to apply to taxes and interest, and failed to do so, but conceded that he had no defense as against the original action, and that his interest in the trust fund was represented by the trustees. *Held*, that his application to set aside judgments foreclosing the mortgages and cutting off the liens against the property was properly denied.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1457–1468; Dec. Dig. § 496.*]

Appeal from Kings County Court.

Actions by the Poughkeepsie Savings Bank and by the Glens Falls Insurance Company against the Extension Development Company and others. From an order of the County Court of Kings County, entered in the office of the clerk of said county on the 28th day of May, 1912, denying his application to have the judgments entered in the several actions vacated and set aside, defendant Frank O. Reisler appeals. Affirmed.

See, also, 138 N. Y. Supp. 939.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

George E. Brower, of Brooklyn, for appellant.
Hugo Hirsh, of Brooklyn, for respondents.

WOODWARD, J. This action was brought to foreclose eight mortgages, first liens upon certain real property on New Utrecht avenue. The mortgages were all made at the same time to the United States Title Guaranty & Indemnity Company, were for approximately $12,500 each, and four of them were assigned to the Glens Falls Insurance Company and the other four to the Poughkeepsie Savings Bank. In August, 1911, four separate actions were brought by the Glens Falls Insurance Company, and four others by the Poughkeepsie Savings Bank for the foreclosure of these several mortgages. These several actions were against the Extension Development Company and other defendants, including the defendant Frank O. Reisler. The complaint alleged that the defendant Frank O. Reisler was made a party because of a claim that he had some interest in the property, and was in the usual form. The complaint was served upon Reisler on the 15th of September, 1911, and no answer was interposed on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his behalf. Subsequently, and on the 26th day of December, 1911, the complaint was amended by alleging upon information and belief:

"That during the month of January, 1911, the defendants Audley Clarke, William L. Newton, Charles E. Robertson, and Edwin M. Houghtaling, trustees, agreed with plaintiff to apply said rents toward the payment of taxes on the property and the interest on the mortgage held by the plaintiff if the plaintiff would postpone bringing an action to foreclose said mortgage. That in reliance on said promise plaintiff did postpone such foreclosure, and said defendants collected large amounts of rent of said premises; but that, although due demand therefor has been made, they have refused to apply said rents to the payment of the taxes on said property or the interest on the said mortgage, but have kept them for their own use."

A proper prayer for relief was added, and the defendant Reisler urges upon this appeal that he had no notice of the motion to amend the complaint, that the amended complaint was never served upon him, and that the judgment as entered restrains him from asserting his rights as against the parties to the action; it being claimed that he is a part owner of the rents which are sought to be applied by the judgment to the payment of the mortgages.

We think the learned County Court properly refused to vacate this judgment. The amendment of the complaint, bringing in the trustees, did not affect any substantial rights of the defendant Reisler. He concedes that he had no defense as against the action originally brought, and, whatever his interests may have been in the trust fund, that interest was represented by the trustees, and there is no suggestion that they were not properly before the court. The judgment forecloses the mortgage and cuts off the liens against the property; but it does not prevent the defendant Reisler from asserting any rights which he may have as against the trustees, if they have failed in the discharge of their duty to him.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.